ELECTRONICALLY FILED
2019 Mar 08 2:15 PM
CLERK OF COURT

## IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**LINDA K. HENRY**

    **Plaintiff,**

**vs.**

    Docket No. _____
    Division ____
    **JURY DEMANDED**

**SWIFT TRANSPORTATION SERVICES, LLC and**
**JESSE LEE WILLIAM LINBOOM**

    **Defendants.**

### COMPLAINT

Plaintiff, Linda K. Henry, by and through counsel, hereby files this Complaint against Defendants, Swift Transportation Services, LLC ("Swift") and Jesse Lee William Linboom ("Linboom"), for personal injuries and damages and would respectfully state as follows:

### PARTIES

1. Plaintiff, Linda K. Henry, is an adult resident of Memphis, Shelby County, Tennessee.

2. Upon information and belief, Defendant Linboom, at all relevant times, is an adult resident of Sterling, Illinois, residing at 220 Windsor Road, Sterling IL 61081.

3. Upon information and belief, Defendant Swift, is a company that is incorporated in Delaware and doing business in Memphis, Shelby County, Tennessee. Defendant Swift and headquartered in Phoenix, Arizona. Defendant Swift may be served with process through its registered agent:

    Swift Transportation Services, LLC
    c/o National Registered Agents, Inc.
    300 Montvue Road
    Knoxville, TN 37919-5546


EXHIBIT A

1

## JURISDICTION AND VENUE

4. Plaintiff alleges that the Defendants are subject to jurisdiction and suit in this Court pursuant to T.C.A. § 16-10-101. The incident that forms the basis of this suit occurred in Shelby County, Tennessee, thus this Court has jurisdiction over the parties and venue is proper in this county pursuant to T.C.A. § 20-4-101.

5. This action arises in tort out of personal injuries and damages incurred as a result of a semi-truck/automobile collision that occurred in Shelby County, Tennessee on or about May 10, 2016 as a direct and proximate result of the negligence of the Defendants, their employees, agents, and/or servants. Plaintiff timely filed suit on May 9, 2017 and voluntarily nonsuited said suit without prejudice on March 15, 2018. Plaintiff's instant cause of action is thus timely under the operation of T.C.A. §28-1-105.

6. This Honorable Court has subject matter jurisdiction over this claim and personal jurisdiction over the parties.

## FACTS

7. Upon information and belief, Plaintiff alleges that, at all times material hereto, including May 10, 2016, Defendant Linboom, was an authorized driver of the 2013 Volvo tractor, (VIN 4V4NC9TGXDN558025; IN license plate number 2103451) which was involved in the accident with Plaintiff on May 10, 2016.

8. On or about May 10, 2016, Plaintiff, Linda Henry, was the driver of a 2011 Chevrolet Camaro (VIN 2G1FC1ED3B9103840; TN license plate number G2644L), and was travelling eastbound on Shelby Drive in the turning lane. While Plaintiff was in the turning lane on Shelby Drive, she was struck in the rear of her vehicle by the Defendant. Plaintiff's

vehicle was then pushed into a Chevrolet Tahoe which was in front of her in the turning lane.

9. At all times pertinent hereto, the Plaintiff, Linda Henry, was operating the vehicle in a safe, cautious, and prudent manner, obeying all of the rules and regulations of the roadway.

10. At said time and at said location, Defendant Linboom, was operating the aforementioned 2013 Volvo when he caused his tractor to collide into rear of the Plaintiff's vehicle.

11. Defendant Linboom negligently failed to use reasonable caution in the operation of his vehicle by failing to exercise due care and by impeding the normal and reasonable movement of traffic.

12. As a direct and proximate result of the Defendants' negligent acts, Plaintiff, Linda Henry, sustained personal injuries and other damages to be more particularly described hereinafter.

## NEGLIGENT ACTS AND/OR OMISSIONS

13. Plaintiff incorporates paragraphs 1 through 12 as if restated here verbatim.

14. Plaintiff, Linda Henry, did not have sufficient time or space to avoid the collision and, as a direct and proximate result of the negligent acts of the Defendant, sustained personal injuries and other damages.

15. Upon information and belief, Plaintiff alleges that on or about May 10, 2016, Defendant Linboom was operating the above-referenced 2013 Volvo, as the agent, servant and/or employee of Defendant Swift. Thus, Plaintiff relies upon § 55-10-311 and § 55-10-312 of the Tennessee Code Annotated and the doctrines of respondeat superior and agency, alleging that any negligence on the part of Defendant Linboom should be imputed to Defendant Swift.

16. Plaintiff charges and alleges that Defendant Linboom is guilty of the following acts and/or omissions of common law negligence, which were a direct and proximate cause of Plaintiffs' injuries and resulting damages to wit:

    (a) In negligently failing to use that degree of care and caution in the operation of her commercial vehicle as was required of a reasonable and prudent person under the same or similar circumstances existing at the time and place of the aforementioned collision;

    (b) In negligently failing to maintain a safe lookout;

    (c) In negligently failing to devote full time and attention to the operation of her commercial vehicle;

    (d) Failing to see what was there to be seen;

    (e) Failing to maintain control of said commercial vehicle;

    (f) Impeding the normal and reasonable movement of traffic;

    (g) Driving in a careless manner;

    (h) Other acts and/or omissions to be shown at the trial of this cause.

## NEGLIGENCE PER SE

17. Plaintiff incorporates paragraphs 1 through 16 as if restated here verbatim.

18. Plaintiff charges and allege that Defendant Linboom was in violation of the following statutes of the State of Tennessee, which were in full force and effect at the time and place of the collision and which constitutes as negligence per se, to wit:

    **Section 55-8-136. Due Care**
    (b) Notwithstanding any speed limit or zone in effect at the time, or right of way rules that may be applicable, every driver of a motor vehicle shall exercise due care to avoid colliding with any other motor vehicle, either being driven or legally parked, upon any roadway, or any road sign, guard rail or any fixed object legally placed within or beside the roadway right of way, by operating such motor vehicle at a safe speed, by maintaining a safe lookout, by keeping such motor vehicle under proper control and by devoting full time and attention to operating such motor vehicle, under the existing circumstances to avoid endangering life, limb, or property.

4

### Section 55-8-142. Turning movements

(a) No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in T.C.A. 55-8-140, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway, unless and until such movement can be made with reasonable safety. No person shall so turn any vehicle without giving an appropriate signal in the manner provided in Sections 55-8-143 and 55-8-144 in the event any other traffic may be affected by such movement.

### Section 55-10-205. Reckless driving

(a) Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property commits reckless driving.

### Section 55-8-143. Signals for turns

(a) Every driver who intends to start, stop or turn, or partly turn from a direct line, shall first see that that movement can be made in safety, and whenever the operation of any other vehicle may be affected by such movement, shall give a signal required in this section, plainly visible to the driver of the other vehicle of the intention to make such movement.

19. Plaintiff charges and alleges that Defendant Linboom was in violation of the following City of Memphis Ordinances, which were in full force and effect at the time and place of the collision and constitutes negligence per se, to wit:

### Section 11-16-2. Duty to devote full time and attention to operating vehicle

It shall be unlawful for a driver of a vehicle to fail to devote full time to the driving of said vehicle when such failure, under the then existing circumstances, endangers life, limb or property.

### Section 11-16-3. Duty to drive at safe speed, maintain lookout, keep vehicle under control

Notwithstanding any speed limit or zone in effect at the time, or right-of-way rules that may be applicable, ever driver shall:

(1) Operate her vehicle at a safe speed;
(2) Maintain a safe lookout;
(3) Use due care to keep her vehicle under control.

### Section 11-16-44. Reckless driving

Any person who drives any vehicle in a willful or wanton disregard for the safety of persons or property is guilty of reckless driving.

20. Upon information and belief, Defendant Swift is the registered owner of the tractor involved in this wreck and is therefore responsible for the acts of the driver of that vehicle.

21. At all times relevant to this cause of action, the Defendants were subject to and required to obey the minimum safety standards established by the Federal Motor Carrier Safety Regulations (FMCSR) (49 CFR §§ 301-399), either directly or as adopted by the Tennessee Department of Transportation Safety Rules & Regulations 1340-6-1-.20 and pursuant to T.C.A. §§ 65-2-102 and 65-15-113.

22. The Defendants will be shown at trial to have violated the Federal Motor Carrier Safety Regulations which constitutes negligence per se, including but not limited to:

    a. § 390 General

    b. § 392 Driving of Commercial Motor Vehicles

    c. § 393 Parts and Accessories Necessary for Safe Operation

    d. § 395 Hours of Service

23. Defendant Swift was required to teach and train Defendant Linboom so that he was able to understand and obey the rules and regulations contained in the FMCSR.

24. The violations of the rules and regulations contained in the FMCSR and Defendants' negligence *per se* were a direct and proximate cause of Plaintiff's injuries and resulting damages.

## NEGLIGENT HIRING, SUPERVISION, AND TRAINING

25. Plaintiff incorporates paragraphs 1 through 24 as if restated here verbatim

26. Plaintiff alleges, upon information and belief, that Defendant Swift, knew, or in the exercise of due diligence and reasonable inquiry, should have known of Defendant

6

Linboom's propensity and proclivity to drive in an illegal, unlawful, negligent and/or reckless manner.

27. Plaintiff alleges that Defendant Swift is guilty of the following acts and/or omissions of common law negligence, which were a direct and proximate cause of Plaintiff's injuries and resulting damages, to wit:

   (a) Negligent training of Defendant Linboom;

   (b) Negligent supervision of Defendant Linboom;

   (c) Negligent hiring of Defendant Linboom;

   (d) Other acts and/or omissions to be shown at the trial of this cause.

## NEGLIGENT ENTRUSTMENT

28. Plaintiff incorporates paragraphs 1 through 27 as if restated here verbatim

29. Plaintiff alleges, upon information and belief, that Defendant Swift knew, or in the exercise of due diligence and reasonable inquiry, should have known of Defendant Linboom's propensity and proclivity to drive in an illegal, unlawful, negligent and/or reckless manner.

30. Plaintiff alleges that Defendant Swift is guilty of the following acts and/or omissions of common law negligence, which were a direct and proximate cause of Plaintiff's injuries and resulting damages, to wit:

   (a) Negligent entrustment of the subject vehicle to Defendant Linboom;
   (b) Other acts and/or omissions to be shown at the trial of this cause.

## PUNITIVE DAMAGES

31. Plaintiff incorporate paragraphs 1 through 30 as if restated here verbatim.

32. The actions of Defendants and its employees, agents and contractors alleged herein constitute a conscious disregard of substantial and unjustified risk of injury and/or death to the public, including Plaintiff, Linda Henry, and constitutes a gross deviation from the

7

standard of care that an ordinary person or business owner would exercise under the circumstances, which rises to the level of recklessness entitling Plaintiff to a substantial award of punitive damages.

33. The Plaintiff seeks punitive damages for the Defendants' actions.

## INJURIES AND DAMAGES

34. Plaintiff incorporates paragraphs 1 through 33 as if restated here verbatim.

35. As a direct and proximate result of the above-described violations of the common law and state statutes by Defendants, Plaintiff, Linda Henry, sustained multiple serious and disabling injuries to her body as a whole.

36. Plaintiff, Linda Henry, has endured pain and suffering and will continue to endure pain and suffering from the injuries arising out of the subject collision.

37. Plaintiff, Linda Henry, has incurred reasonable and necessary medical expenses in order to alleviate her pain and suffering and will continue to incur said expenses in the future.

38. Plaintiff, Linda Henry, has sustained mental anguish as a result of the subject collision, past, present, and future.

39. Plaintiff, Linda Henry, has sustained inconvenience as a result of the subject collision, past, present, and future.

40. Plaintiff, Linda Henry, has sustained impaired ability to enjoy the normal pleasures of life as a result of the subject collision, past, present, and future.

41. Plaintiff, Linda Henry, has sustained property damage as a result of the subject collision.

42. Plaintiff, Linda Henry, has sustained loss of earnings and earning capacity as a result of the subject collision.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully sues Defendant Linboom and Defendant Swift, for a reasonable amount of restitution and compensation for damages to be determined by twelve honorable and good citizens of Shelby County for the sum of Three Hundred Thousand Dollars ($300,000.00), and Three Hundred Thousand Dollars ($300,000.00) for punitive damages for the Defendants' wanton, willful, and/or reckless acts or omissions, and for all other relief to which the Plaintiff may be entitled under Tennessee law.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray for damages as they may appear on the trial of this cause, reserving the right to amend this pleading to conform to the facts as they may develop, for cost and interest, and for all other general relief justified by the facts under the law or equity.

Respectfully submitted,

REAVES LAW FIRM, PLLC

*Jennifer H. Collins*

JENNIFER H. COLLINS, No. 27985
JAMES R. DAVIS, JR., No. 37113
*Attorneys for Plaintiff*
4466 Elvis Presley Blvd., Suite 310
Memphis, Tennessee 38116
(901) 417-7166
jennifer.collins@beyourvoice.com
james.davis@beyourvoice.com